**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yoana Luna Cortez, | No. CV-24-02335-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Mar Multiservices LLC, et al., | |
| Defendants. | |

Before the Court is Defendants JJJ Restaurants LLC, Arturo Rubio Cervantes, and Guadalupe Rubio Cervantes' Motion to Dismiss (Doc. 37) pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6); Plaintiff Yoana Cortez's Response (Doc. 42); and Defendants JJJ Restaurants LLC, Arturo Rubio Cervantes, and Guadalupe Rubio Cervantes' Reply (Doc. 49). The Court now rules as follows.[1]

### I.   BACKGROUND

This case is a putative class action brought by Plaintiff Yoana Cortez under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* In her First Amended Complaint ("FAC"), Plaintiff brings a single count for failure to pay overtime wages in violation of 29 U.S.C. § 207 against nine corporate entities as well as Arturo Rubio Cervantes and his spouse, Guadalupe Rubio Arroyo. (Doc. 31 ¶¶ 149–55). Plaintiff contends that the

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

corporate Defendants "are each restaurants operating in Arizona under the name 'Filiberto's Mexican Food.' at any time within the three years from the filing of the original Complaint through the present." (*Id.* ¶ 87). Plaintiff alleges that "Defendants willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given work week throughout the duration of their employment." (*Id.* ¶ 151).

On January 2, 2025, the parties stipulated to the voluntary dismissal of Defendants AAA Restaurant LLC, A.R. Restaurant LLC, ARC Restaurant LLC, T.R. Restaurant LLC, and Tucson AR Restaurant LLC under Rule 41(a)(1)(ii). (Docs. 47, 52). Accordingly, the only remaining Defendants are (1) Mar Multiservices LLC, (2) J.R. Restaurant LLC, (3) J.R.R. Restaurant LLC, (4) JJJ Restaurants LLC, and the individual Defendants, (5) Arturo Rubio Cervantes and (6) Guadalupe Rubio Arroyo. The three Defendants moving for dismissal are JJJ Restaurants LLC, Arturo Rubio Cervantes, and Guadalupe Rubio Cervantes. (Doc. 49 at 2). Defendants seek dismissal of JJJ Restaurants LLC because it was never Plaintiff's employer (Doc. 49 at 7), and they seek dismissal of the individual Defendants, Arturo Rubio Cervantes and Guadalupe Rubio Arroyo, because they are not "employers" within the meaning of the FLSA (*id.* at 5).

**II.     LEGAL STANDARDS**

    **a. Rule 12(b)(1)**

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction to hear the claims at issue. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and may only hear cases falling within that jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction 'can never be forfeited or waived' and federal courts have a 'continuing independent obligation to determine whether subject-matter jurisdiction exists.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

///

**b. Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (citations omitted).

**III.   DISCUSSION**

    **a. Rule 12(b)(1) Challenge to Subject Matter Jurisdiction over JJJ Restaurants LLC**

As a preliminary matter, Defendants contend that Plaintiff lacks standing to bring FLSA claims against entities that were never her employers. (Doc. 37 at 5). Under Article III of the Constitution, federal courts have jurisdiction over a dispute only if it is a case or controversy. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 133 (2011). "The constitutional requirement of standing has three elements: (1) the plaintiff must have suffered an injury-in-fact—that is, a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical; (2) the injury must be causally connected—that is, fairly traceable—to the challenged action of the

defendant and not the result of the independent action of a third party not before the court; and (3) it must be likely and not merely speculative that the injury will be redressed by a favorable decision by the court." *Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" required to establish standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 490 (1975)).

"Employees may seek redress in an FLSA action only from 'employers.'" *Perez v. Wells Fargo & Co.*, No. C 14-0989 PJH, 2015 WL 1887354, at *5 (N.D. Cal. Apr. 24, 2015) (citing 29 U.S.C. § 216(b)). Where a Plaintiff has more than one employer under the FLSA, all joint employers are responsible for compliance with the FLSA. *See Ray v. L.A. Cty. Dep't of Pub. Soc. Servs.*, 52 F.4th 843, 848 (9th Cir. 2022). Here, Plaintiff argues that each Defendant was a joint employer of Plaintiff because "each acted directly in the interest of the others in relation to Plaintiff[]" and "because they were not completely disassociated with respect to the employment of Plaintiff." (Doc. 42 at 13). In addition to the "joint employer" argument, Plaintiff also argues that each Defendant can be considered a "single integrated employer under the FLSA; however, Plaintiff cites only to non-binding, out-of-Circuit cases to support this argument. (*See id.* at 10–13). The Court therefore focuses its analysis on the Plaintiff's "joint employer" argument.

To determine whether a given entity is a joint employer, courts apply the four *Bonnette* factors to assess the "economic reality" of whether an employer-employee relationship exists: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985); *see also, e.g.*, *Perez v. DNC Parks & Resorts at Sequoia*, No. 1:19-cv-00484-DAD-SAB, 2020 U.S. Dist. LEXIS 134590, at *13 (E.D. Cal. July 29,

2020) (applying the four factors). In addition to pleading facts in support of the *Bonnette* factors, "a plaintiff seeking to hold multiple entities liable as joint employers must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant." *Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015).

Defendants argue that here, Plaintiff's FAC fails to "provide a single factual allegation explaining [Plaintiff's] relationship with JJJ Restaurant LLC," as JJJ Restaurants LLC never employed Plaintiff. (Doc. 49 at 9). However, given that Plaintiff seeks conditional class certification of this matter, she argues that this District "frequently grants conditional certification of FLSA classes against Defendants who separately incorporate each location of their chain business where the named Plaintiff did not work for all entities." (Doc. 42 at 17). While this may be true, it does not abrogate Plaintiff's burden to establish Article III standing as to each employer. Plaintiff seems to focus on her theory that each of the corporate Defendants constitute a single collective enterprise under the control of the individual Defendants; however, this is irrelevant to the "economic reality" test that the Ninth Circuit evaluates as to *each defendant*. *See, e.g.*, *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) ("[T]he enterprise analysis is different from the analysis of who is liable under the FLSA . . . . Liability is based on the existence of an employer-employee relationship.").

The Court agrees with Defendants that Plaintiff has failed to allege facts showing that an employer-employee relationship exists between Plaintiff and JJJ Restaurants LLC. Plaintiff's FAC makes the following bare allegations regarding JJJ Restaurants LLC:

> Under the FLSA, Defendant JJJ Restaurants LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant JJJ Restaurants LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and/or the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to Filiberto's Mexican Food's employees, Defendant JJJ

Restaurants LLC is subject to liability under the FLSA.

(Doc. 31 at 10). As Defendants point out, "Plaintiff alleges that JJJ Restaurants is 'an employer,' but not *her* employer." (Doc. 49 at 9). While JJJ Restaurants LLC may very well be subject to liability under the FLSA, that does not mean that Plaintiff has established standing to sue JJJ Restaurants LLC in *this* case. Beyond recitations of the *Bonnette* factors, Plaintiff simply has not alleged any facts to support her contention that an employer-employee relationship existed between her and JJJ Restaurants LLC. Accordingly, JJJ Restaurants LLC will be dismissed without prejudice.

### b. Rule 12(b)(6) Challenge as to Allegations Against Individual Defendants

In the FAC, Plaintiff alleges that "Defendants Arturo Rubio Cervantes and Guadalupe Rubio Arroyo had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants," and that they therefore are subject to individual liability under the FLSA. (Doc. 31 at 13). However, the Court agrees with Defendants that "[t]hese allegations are masquerading as facts." (Doc. 49 at 6).

Once again, Plaintiff seems to recite the *Bonnette* factors without providing any specific facts regarding *this* case, and she has not shown that the relevant facts are in the sole possession and control of Defendants. *See Soo Park v. Thompson*, 851 F.3d 910, 928–29 (9th Cir. 2017). Plaintiff does not further explain why, for example, she believes that "all human resources and upper management functions for all Defendant entities . . . are handled by four individuals–Arturo Rubio Cervantes, Guadalupe Rubio Arroyo, Malinali Madera Rubio, and Miguel Madera." (Doc. 31 at 15). Furthermore, while she alleges that "all Defendant entities that comprise the single employer or single integrated employer at issue in this matter are wholly owned by Defendant Arturo Rubio Cervantes" (*id.* at 16), she also alleges that *both* Arturo Rubio Cervantes and Guadalupe Rubio Arroyo "are owners" of the Defendant entities (*id.* at 13). The FAC is ambiguous whether Guadalupe

Rubio Arroyo has any employer relationship to Plaintiff other than as the wife of Arturo Rubio Cervantes.

Although it is true that the pleading standard to survive a motion to dismiss under Rule 12(b)(6) is fairly lenient and is broadly construed in favor of plaintiffs, here, Plaintiff simply has not done enough to nudge the complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. However, Plaintiff will be given an opportunity to amend her complaint to add additional facts regarding the individual Defendants.

## IV.   CONCLUSION

Because the deficiencies in Plaintiff's FAC may be cured by amendment, this Court will allow Plaintiff leave to file a Second Amended Complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (amendment should be permitted if adding of additional facts may resolve deficiencies). Plaintiff's opportunity to amend her Complaint will also prevent any prejudice to Plaintiff from Defendants' alleged failure to adequately meet and confer (*see* Doc. 42 at 3–4), and Defendants "do not oppose Plaintiff's request that she be granted an opportunity to amend her Complaint should this Court grant Defendants' Motion" (Doc. 49 at 4).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 37) is **granted**. Plaintiff's claims against Defendants JJJ Restaurants LLC, Arturo Rubio Cervantes, and Guadalupe Rubio Arroyo are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a Second Amended Complaint in accordance with this Order no later than **Thursday, May 15, 2025**.

///
///
///
///
///
///

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Conditional Certification (Doc. 46) is **denied without prejudice**. Plaintiff shall have leave to re-file the Motion for Conditional Certification as to any remaining Defendants after Plaintiff files her Second Amended Complaint.

Dated this 24th day of April, 2025.

Honorable Steven P. Logan
United States District Judge